1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT
10                       EASTERN DISTRICT OF WASHINGTON

11   DONALD D. STONE,                )
12                                   ) No. CV-04-3041-CI
                 Plaintiff,          )
13                                   ) ORDER GRANTING PLAINTIFF'S
     v.                              ) MOTION FOR SUMMARY JUDGMENT
14                                   ) AND REMANDING FOR AN IMMEDIATE
     JO ANNE B. BARNHART,            ) AWARD OF BENEFITS
15   Commissioner of Social          )
     Security,                       )
16                                   )
                 Defendant.          )
17   _____   )

18        BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.

19   Rec.  18, 20), submitted for disposition without oral argument on

20   October 11, 2005.  Attorney Tom Bothwell represents Plaintiff;

21   Special Assistant United States Attorney Leisa A. Wolf represents

22   Defendant.   The parties have consented to proceed before a

23   magistrate judge. (Ct. Rec. 4.) After reviewing the administrative

24   record and the briefs filed by the parties, the court **GRANTS**

25   Plaintiff's Motion for Summary Judgment and remands for an immediate

26   award of benefits.

27        Plaintiff, 55-years-old at the time of the administrative

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 1

decision, filed an application[1] for Social Security disability benefits in November 2001, alleging disability as of October 1, 1998, due to Meniere's Syndrome, arthritis, low back pain, hearing loss and tinnitus. (Tr. at 15 - 16.) Plaintiff, who completed two years of college but did not earn a degree,[2] had relevant past work as a career counselor in the military (23 years of active duty service) and also as a long haul trucker and janitor / security guard. (Tr. at 16.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Verell Dethloff (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed.   Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff met the non-disability requirements for a period of disability and was insured for benefits through December 31, 1998, three months after the alleged onset date. Plaintiff had not engaged in substantial gainful activity and had

---

[1]Prior applications, filed in 1996 and November 2000, were denied and not pursued.  The ALJ accorded res judicata effect to the reconsideration determination of August 22, 1996.  (Tr. at 15.) There was no administrative record available for the November 2000 application.

[2]Plaintiff's college course was made possible through a veteran's vocational training program; he became ineligible for the benefits ten years after his discharge in 1987 and after he was found disabled by the VA.  (Tr. at 370, 371.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 2

severe disorders, including Meniere's, hearing loss, and osteoarthritis, but those impairments were not found to meet the Listings. The ALJ rejected Plaintiff's testimony as not credible and also rejected the disability finding by the Veteran's Administration. (Tr. at 24.) Relying on the consulting physician, the ALJ concluded Plaintiff retained the residual capacity to perform medium work with additional limitations including exposure to hazards and unprotected loud noise. Those limitations were not found to preclude his past work as career counselor, a sedentary position. Alternatively, based on the testimony of the vocational expert, the ALJ found Plaintiff had transferable skills and could perform other work which exists in significant numbers in the national economy. (Tr. at 22.) Thus, the ALJ found there was no disability.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he improperly rejected (1) the VA disability finding, (2) the opinion of the treating physician, (3) the testimony of the vocational expert, and (4) Plaintiff's testimony.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 3

preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from

licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

### ANALYSIS

Plaintiff first contends the ALJ improperly rejected the VA assessment of 70% disability effective November 15, 1994. (Tr. at 166.)  The VA considered outpatient treatment reports from February 1988 to July 1989, a VA examination conducted on July 17, 1995; Department of Transportation physical examination report dated June 30, 1994; letters from John P. Redman, Jr., dated May 10, 1995, Gary W. Duncan, dated May 17, 1995, Joseph S. Strafford, dated May 8, 1995, and Dr. Laidlaw,dated August 22, 1994; VA Form 9, Appeal to the Board of Veterans Appeals; and review of the claim file.  The rating decision (Tr. at 148) noted disability was warranted due to Meniere's, secondary hearing loss with chronic dizziness and gait disturbance.  (Tr. at 167.)  As a result of his impairments, Plaintiff lost his driver's license and was unable to work as a trucker.  He was also fired from his job as a janitor / security guard because he was unable to perform his duties.  (Tr. at 372.)

VA disability was based 60% on Meniere's with secondary hearing loss and tinnitus, and 10% due to a skin condition of the forearms, disabling from June 18, 1993. (Tr. at 168.)  Plaintiff argues, under the *McCartey* decision, great weight must be given to the VA disability determination.  Defendant contends the ALJ correctly assessed the VA disability finding because the VA made no effort to determine Plaintiff's residual capacity to perform other work, but simply found disability on his inability to perform work as a trucker.  Additionally, Defendant contends the VA assessment was inconsistent with the overall medical record.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 5

In *McCartey v. Massanari*, 298 F.3d 1072 (9th Cir. 2002), the Ninth Circuit addressed the issue of the weight to be given to a VA disability assessment.  In that case, the claimant was awarded a 70% disability rating by the VA.  Under *McCartey*, a VA rating of disability will not necessarily compel a finding of disability as to Social Security benefits, 20 C.F.R. § 404.1504, but the ALJ must consider the VA's finding in reaching his decision.  *Id.* at 1076. As noted further:

> Both programs evaluate **a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis;** both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. Compare 38 C.F.R. § 4.1 et seq. (VA ratings) with 20 C.F.R. § 404.1 et seq (Social Security Disability). Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework. Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives **persuasive, specific, valid reasons for doing so that are supported by the record.** *See Chambliss* [*v. Massanari*, 269 F.3d 520], at 522 [(5th Cir. 2001)] (ALJ need not give great weight to a VA rating if he "adequately explain[s] the valid reasons for not doing so").

*McCartey,* at 1076 (emphasis added).  Thus, Defendant's argument the VA considered only Plaintiff's ability to perform work as a truck driver is not consistent with VA standards.

Here, the ALJ noted:

> I have considered the Veterans Administration findings regarding disability. Of some note, claimant worked after the most recent of these documents (compare 16E and 7D). In any event, the standards of adjudication are not the same and this determination is not controlling on Social Security adjudications.  In light of the analysis of this decision and the application of Social Security rules and regulations, deference to this decision would be inappropriate.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 6

(Tr. at 24.) Only one specific reason was given by the ALJ for rejecting the VA decision and that is a reference to Plaintiff's work history following the effective date of VA disability, November 15, 1994.

A review of those exhibits reveals Plaintiff had reported Social Security earnings in 1995 of $5,219; in 1996 of $5,498; and in 1997 of $5,500. (Tr. at 78.) There are no reported earnings for 1998, 1999, or 2000. Thus, there were earnings after the effective date of VA disability, but prior to the Plaintiff's alleged Social Security benefits onset date of October 1998. There are inconsistent reports of work history as to the trucking and care taking occupations. On one report, Plaintiff noted he worked as a long haul trucker from June 1989 to June 1994; and as a custodian for Washington State from August 1995 to November 1995. (Tr. at 81, 89.) On a second report, he notes he worked as a long haul trucker from June 1988 to June 1995 and for the State of Washington from August 1995 to January 1996. (Tr. at 89.) On the third and fourth reports, he notes long haul trucking from March 1989 to June 1994; and security guard/caretaker for the state from July 1995 to January 1996. (Tr. at 99, 108.) No jobs were reported after January 1996; thus, there is an inconsistency between reported earnings in 1996 and 1997 and job history.[3] However, there is no evidence Plaintiff worked after the VA's notification of his disability in May 1996 and the alleged onset date of this application--October 1998. Thus, this court is unable to conclude the ALJ's reason for rejecting the

---

[3]Military disability benefits are tax free and not reported as income for social security tax purposes. (Tr. at 146.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 7

VA award--that Plaintiff had work activity after receiving the benefits--was not supported by the record.  There are no other persuasive, specific, and valid reasons for rejecting the VA determination.  Thus, the Commissioner's decision must be reversed and remanded. *McCartey,* at 1075.[4]

This court has discretion to remand a case either for additional evidence and findings or for an award of benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Immediate benefits may be awarded if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.*  Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *Id., citing inter alia Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984)

---

[4]Section 4.16 of 38 C.F.R. provides for total disability based upon 70%:

§ 4.16 Total disability ratings for compensation based on unemployability of the individual.

(a) Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: Provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 8

1    (crediting VA finding of disability and awarding benefits).  Here,

2    the VA decision was supported by medical records demonstrating

3    treatment for Meniere's and severe hearing loss in the right ear and

4    moderate in the left during the relevant time period.  (Tr. at 170-

5    205.)  These findings were confirmed by an examination by Daniel

6    Phan, M.D., in August 1996 (not mentioned by the ALJ in his review

7    of the medical evidence), who noted Plaintiff suffered from five to

8    six episodes of Meniere's per year with unsuccessful treatment

9    attempts.  (Tr. at 347-351.) The episodes lasted for an average of

10   three and up to seven days.  (Tr. at 374.)  During an episode,

11   Plaintiff was unable to hear with his left ear.  (Tr. at 374.) The

12   record is fully developed[5] and, giving great weight to the VA

13   disability rating, a finding of disability as of October 31, 1998,

14   is required.  *See Smolen*, 80 F.3d at 1292.  Accordingly,

15          **IT IS ORDERED**:

16          1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 18)** is

17   **GRANTED.**  The cause is **REMANDED** for an immediate award of benefits**.**

18          2.    Defendant's Motion for Summary Judgment dismissal **(Ct.**

19   **Rec. 20)** is **DENIED.**

20          3.    Any application for attorney fees shall be by separate

21   motion.

22   _____

23          [5]Plaintiff testified and the record supports he had back

24   surgery in 1997 and was unable to continue his college course

25   because he was unable to sit for extended periods.  (Tr. at 279,

26   369.)  However, the surgical records are not part of the medical

27   file and the ALJ did not consider the residuals from the back

28   impairment.

1        4.   The District Court Executive is directed to file this

2   Order and provide a copy to counsel for Plaintiff and Defendant.

3   The file shall be **CLOSED** and judgment entered for Plaintiff.

4        DATED November 15, 2005.

5

6                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 10